Richard P. WHITE, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 81–1528

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1982.

Keith W. Burris, Asst. Dist. Atty., Civil Sect., San Antonio, Tex., for respondent-appellant.

Mark A. Schwartzman (court-appointed), San Antonio, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This petition for a writ of habeas corpus, see 28 U.S.C. § 2254, returns to this court following an earlier remand ordering the district court to reconsider its judgment in light of *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). On remand, the district court reinstated its original judgment granting habeas relief. The state appeals. We affirm.

This is another case involving the disappearance of a material witness, the undercover police informant Jimmy Levine. The

disappearance of Levine and the state's role in his disappearance are detailed in *Hernandez v. Estelle*, 674 F.2d 313 (5th Cir. 1981), where this court reiterated the rule that the deliberate concealment by the state of a material witness violates due process when the missing witness' testimony, "circumstantially derived from and evaluated in the context of the entire record, would create a reasonable doubt of the defendant's guilt that did not otherwise exist." *Id.* at 316. Here, the district court found that the state encouraged Levine's disappearance and that its finding does not conflict with the state court's finding in *White v. State*, 517 S.W.2d 543, 546, 548 (Tex.Cr.App.1974), *cert. denied*, 421 U.S. 1014, 95 S.Ct. 2422 (1975). It further concluded that the state court's determination that White failed to perfect his constitutional claim by failing to establish due diligence was not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). As an alternative finding, the district court stated that " 'the material facts [concerning due diligence] were not adequately developed at the State court hearing,' § 2254(d)(3)." Record on Appeal, at 156–57.

The state makes six arguments, which we summarily discuss:

1. The state contends that the decision to leave town was made independently by Levine. We rejected this same argument in *Hernandez*, 674 F.2d at 316–17.

■ 2. The state claims that it made a good-faith effort to locate Levine. As noted in *Hernandez*, good-faith effort on the part of the state to locate a witness does not remedy the constitutional error. "The state, however, overlooks the fact that in *Freeman* [*Freeman v. Georgia*, 599 F.2d 65 (5 Cir. 1979)] [a missing witness case] the state sought to locate Darlene [the missing witness] and even had a material witness arrest warrant for her. Agents of the district attorney could not find her at the address furnished." *Id.* at 317 (citation omitted).

■ 3. The state further claims that its motive was to insure the safety of Levine.

Again, we rejected the same argument in *Hernandez*: "Undoubtedly, police should be concerned for the safety of their employees, but there are other methods of protecting a material witness. In the instant case, the cost of protecting Levine would have been attributable to 144 cases." *Id.* at 317.

4. The state argues the defendant made no effort to have Levine appear. *See White v. State*, 517 S.W.2d 543, 550 (Tex.Cr. App.1974) (holding that White failed to establish that he exercised due diligence in searching for Levine). After an evidentiary hearing below, the magistrate detailed the efforts made by White to find Levine. Record on Appeal, at 81–84. Based upon the record, we agree with the district court that "it is difficult to say how [White] could have been any more diligent in attempting to secure Levine's attendance at trial." Record on Appeal, at 156.

■ 5. The state contends the district court improperly presumed that Levine's testimony would have benefited White. A presumption of benefit has no place in the *Hernandez* analysis. *See* 674 F.2d at 316 n.2. And in the instant case, the district court did not apply a presumption in favor of White. The district court in its original order granting the writ only noted that "the court cannot in good conscience presume that the testimony would have supported the state." Record on Appeal, at 106. Having reviewed the record, we do not find the district court's finding "that Levine's testimony might have created a reasonable doubt of White's guilt," *id.*, clearly erroneous.

■ 6. Lastly, the state claims the district court failed to comply with our remand and apply a presumption of correctness to the state court findings. *See Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722. The district court's finding that the state concealed Levine does not conflict with findings by the state court. Indeed, the state court in *White v. State* noted that "the record does show State action resulting in Leveine [sic] being unavailable as a witness," 517 S.W.2d at 546, and that "it is clear from the record that

[the police] actively encouraged and participated in that plan [for Levine to leave town]," *id.* at 548. These statements were left undisturbed on rehearing. *See id.* at 549–552. The only state court finding that was supplanted by the district court was the state court's determination that White failed to exercise due diligence in finding Levine. *See id.* at 550. We agree with the district court in its reading of *White v. State*, 517 S.W.2d 543, 549–50: from the state court's language it is evident that material facts on this issue, while fully investigated at the evidentiary hearing in federal court, were not adequately developed at the state court hearing. Consequently, given that "material facts were not adequately developed at the state court hearing," 28 U.S.C. § 2254(d)(3), the district court properly reached a determination adverse to that of the state court.

AFFIRMED.